IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. RDB-12-0173 |
| CHRISTOPHER PERRY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The parties appeared before this Court for a hearing on Defendant's Motion to Dismiss (ECF No. 9) on September 13, 2012. This Court issued a ruling from the bench which is incorporated herein. For the reasons stated at the hearing and below, the Motion was denied (ECF No. 23), but the Government was directed to file a Bill of Particulars with respect to Count I.[1] This memorandum opinion supplements this Court's ruling.

BACKGROUND

Defendant Christopher Perry was indicted in a three count indictment filed March 29, 2012 (ECF No. 1). He was charged with social security fraud, health benefit program fraud, and health care fraud. It was alleged that Defendant received long-term disability benefit payments from the Social Security Administration and Medicare benefits from 1996 through 2009 and failed to report his employment with various companies throughout that time period, even though his employment status affected his eligibility for benefits.

Paragraph 11 of the Indictment states:

---

[1] The Government did so on September 17, 2012 (ECF No. 24), and the next day filed an Amended Bill of Particulars correcting one error (ECF No. 26).

At times between 1996 until in or about 2007, [Defendant] was employed but did not report his employment to the SSA or to Medicare despite the fact that his employment would affect his eligibility for, and the amounts he was eligible to receive from, these federal benefit programs.

Defendant filed a Motion to Dismiss on April 13, 2012 in which he argued that the indictment "provide[s] no notice of the exact acts or the exact dates upon which said acts occurred." Moreover, he argued that the statute of limitations period of five years for the stated offenses would bar his conviction based on any act that he committed more than five years prior to the indictment (*i.e.*, any act prior to March 29, 2007).

Following the Government's filing of a response (ECF No. 18) and a reply (ECF No. 19), the parties appeared before the Court for a hearing on September 13, 2012.[2]

DISCUSSION

Defendant argues that the crux of the problem with the Indictment is that Counts I, II, and III do not state when the alleged criminal act occurred with the required specificity. He analogizes the instant case to one of mail fraud, which requires a scheme to defraud and requires an indictment within 5 years of the event of the mailing. According to Defendant, because he does not know what "failure to disclose" is the operative or precipitating event, he cannot properly defend the case. In addition to arguing that the Indictment is not sufficiently specific, Defendant argues that the offenses with which he is charged are not "continuing offenses" that allow extension of the statute of limitations beyond five years after the wrong has been committed, citing United States v. Toussie, 397 U.S. 112 (1970).

---

[2] At that hearing the Court also heard Defendant's Motion to Strike Paragraph 1 of the Indictment and to Strike Any Reference to "f/k/a Christopher Parry" (ECF No. 10). The Court granted the motion to the extent the Indictment refers to Defendant's migrating to the United States or is suggestive of his citizenship status. The Motion was denied to the extent that it bears mention where Defendant's name may appear as "Parry" on certain relevant documents.

The government responds that the indictment is sufficiently specific, see Fed. R. Crim. P. 7(c), and that reference to defendant's "Concealment and Failure to Disclose Employment" in paragraphs 11 through 18 of the indictment suffices to give Defendant notice of the charges. According to the government, the crimes with which Defendant is charged – social security fraud, Medicare fraud, and health care fraud – are continuing offenses, and the indictment only needs to be filed within five years of the time that the fraud was discovered.

In Toussie, supra, the Supreme Court discussed the doctrine of a "continuing offense" and held that failure to register for the military draft did not constitute a continuing offense, so that limitations began to run when the defendant turned eighteen. Defendant correctly interprets Toussie to stand for the proposition that registration for the draft is a "single, instantaneous act to be performed at a given time, and failure to register at that time was a completed criminal offense." Id., 397 U.S. at 117. Yet the Supreme Court in that case examined at great length the history of the draft and the fact that when a registrant turned 18, he had a five-day period in which to fulfill that duty – a specific time period in which the requirement was to be met. The act that required registration for the draft did not contemplate a "prolonged course of conduct," id. at 120-21, and the Court contrasted the failure to register for the draft to a conspiracy, wherein "each day's acts bring a renewed threat of the substantive evil Congress sought to prevent." Id. at 122.

The United States Court of Appeals for the Fourth Circuit refined the doctrine set forth in Toussie in United States v. Smith, 373 F.3d 561 (4th Cir. 2004). The defendant in Smith was charged with embezzlement in a one-count indictment, specifically for failing to

3

report the death of his mother to the Social Security Administration and continuing to receive her monthly social security benefits.  A grand jury returned the indictment within five years of the *last* check allegedly being cashed, but nearly nine years after the *first* of the checks was cashed.  The Court explained that while limitations begins to run when a single criminal act is complete under Toussie, nonetheless "[c]riminal acts over an extended period … may be treated as a 'continuing offense' for limitations purposes … if [t]he nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.'" Smith, 373 F.3d at 564 (quoting Toussie, supra).[3]

      The Fourth Circuit elaborated upon the doctrine and stated that "[e]mbezzlement is the type of crime that, to avoid detection, often occurs over some time and in relatively small, but recurring, amounts," id. at 567.  Courts have held other, different acts to constitute continuing offenses when they similarly occur over time, and are not affirmatively committed again and again.  See United States v. Yashar, 166 F.3d 873, 875 (7th Cir. 1999) (holding that conspiracy, escape, and kidnapping are continuing offenses); United States v. Jones, 533 F.2d 1387, 1390-91 (6th Cir. 1976) (holding that bigamy and possession of a firearm are continuing offenses); see also, e.g., United States v. Ibarra-Reyes, 2007 U.S. Dist. LEXIS 89405 at * 12-13 (E.D.Va. 2007) (holding that where a deported alien remains in the United States, knowing that his entry is illegal, he commits a violation of 18 U.S.C. 1326 which is a "continuing offense for statute of limitations purposes, [and] the time does not

---

[3] The Smith Court determined at the outset that the charged conduct was properly aggregated into a single count. Smith, 373 F.3d at 564.  Notably, were the government to charge each of Defendant's alleged fraudulent acts as a separate count, it would run the risk of then implying that a new crime occurred with each count – also implying the previous one had ceased – each time the defendant submitted an alleged fraudulent claim.  Compare United States v. Holden, 2012 U.S. Dist. LEXIS 26227 at *7-8 (E.D. Wash. 2012) (holding that because the government charged each of defendant's alleged fraudulent submissions to Medicare as an individual count, they could not be treated as one, continuing offense, and stating that "[h]ad the Government lumped all the …billings together and charged them as a single count, perhaps it would qualify as a continuing offense and satisfy the statute of limitations" (citations omitted)).

begin to run until the alien is 'found'" by agents); <u>United States v. Blizzard</u>, 27 F.3d 100, 102 (4th Cir. 1994) (characterizing possession of stolen government property as a continuing offense).

In this case, Count I alleges a violation of 42 U.S.C. § 408(a)(4) (Penalties for claiming Disability Insurance Benefits), which specifically provides that "whoever…having knowledge of the occurrence of any event affecting (1) his initial or continued right to any payment" fails to disclose it, violates the statute. Count II alleges a violation of 42 U.S.C. § 1320a-7b, which pertains to Medicare benefits and tracks the language of section 408.

As in <u>Toussie</u>, the threat that Congress intended to prohibit is not a mere one-time threat, but that of wrongfully obtaining an initial *or continued* right. That is, the defendant's continued concealment constitutes a "course of conduct" that affects his remaining rights going forward, and the course of conduct – failing to report – is that act which constitutes the violation. See <u>United States v. Thompkins</u>, 2008 WL 3200629 at *1 (W.D.N.C. 2008) (holding that indictment under a single count for § 408(a)(4) violations is proper, concluding eleven years of concealment and receiving checks was a continuing offense (quoting <u>Smith, supra</u>, 373 F.3d at 564)); <u>United States v. Bundy</u>, 2009 WL 902064 at *11-12 (D.Me 2009) (holding that failure to disclose employment at "various medical centers" constitute a violation under 408(a)(4) because the concealment and failure to disclose the employment was a continuing offense that "by its nature continues in effect until affirmatively ended, in this case, by revelation of the concealment"**)**; <u>see also</u> <u>United States v. Banks</u>, 708 F. Supp.2d 622 (E.D. Ky. 2010) (holding that § 1383(a)(3)(A), containing language like that of section

408(a)(4), was not explicitly "continuing" under the statute, but was a "continuing offense" for limitations purposes).

The Indictment in this case gave adequate information to Defendant to determine the wrongs alleged and was "minimally sufficient," at the least.  Although Defendant complains that Paragraph 11 of the Complaint is overbroad, it is plain that the Government alleges that any employment the Defendant had in the stated time period, from which he received income, would affect his benefits.  See 42 U.S.C. § 408(a)(4).  To the extent that more specificity is needed, the Government has agreed to file a Bill of Particulars to delineate specifically the employment Defendant has failed to report.

The language of the statute that provides the basis for Count III differs from the violations alleged in Counts I and II.  Specifically, Count III alleges a violation of 18 U.S.C. § 1347 and charges that Defendant did not disclose his employment and improperly applied for and received a Medicare subsidy.

In <u>United States v. Mermelstein</u>, 487 F. Supp 242 (E.D.N.Y. 2007), the Court held that a scheme proscribed by section 1347 could be charged as a continuing offense, noting again the importance that the "delineation of the specific executions or actions that are part of that offense" may properly be left to a bill of particulars.  <u>Id.</u>  at 250; <u>see also</u> <u>United States v. Schickle</u>, 2010 WL 2680856 (D. Me. 2010) (determining that health care fraud constitutes a continuing offense, drawing on similarities between health care fraud statute and bank fraud statute).  This Court has recently held that an indictment for health care fraud was minimally sufficient under similar circumstances, noting that discovery provided

to defendant ensured adequate notice of the charges. United States v. McLean, Crim. No. 10-0531 WDQ (Mem. Op. July 15, 2011).

Although the statutory charge in Count III differs in its language from Counts I and II, the logic remains the same. Defendant has engaged in a continuing course of conduct over the course of years, Count III is "minimally sufficient" to give Defendant notice of the charges, and the fact that the wrongs went undiscovered for a period of years does not violate limitations because the conduct constitutes a continuing offense within the ambit of United States v. Smith, supra.

## CONCLUSION

For the reasons stated above and at the hearing, Defendant Christopher Perry's Motion to Dismiss was denied, but the Government has filed a bill of particulars including the specific employment at issue.

A separate Order has been filed denying Defendant's Motion to Dismiss (ECF No. 23).

Dated: September 21, 2012

                                                                                      /s/
                                                                   Richard D. Bennett
                                                                   United States District Judge